LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| DEMETRIO LOBATO, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| GREAT KILLS MARINA CAFE INC. d/b/a MARINA CAFE, JOSEPH LABRIOLA, ROSEMARIE SALADINO, and ROBERT PARASCANDOLA, | |
| Defendants. | |

---

Plaintiff, DEMETRIO LOBATO (herein, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, GREAT KILLS MARINA CAFE INC. d/b/a MARINA CAFE (the "Corporate Defendant"), JOSEPH LABRIOLA, ROSEMARIE SALADINO, and ROBERT PARASCANDOLA (the "Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

1

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to impermissible rounding, (3) liquidated damages, and (4) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to impermissible rounding, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.    Plaintiff, DEMETRIO LOBATO, is a resident of Richmond County, New York.

6.    Corporate Defendant GREAT KILLS MARINA CAFE INC. d/b/a MARINA CAFE is a domestic business corporation with a principal place of business and an address for service of process located at 154 Mansion Avenue, Staten Island, New York 10308. Defendants operate a restaurant/banquet hall specializing in seafood and American cuisine. JOSEPH LABRIOLA, ROSEMARIE SALADINO, and ROBERT PARASCANDOLA are each co-owners and principals of GREAT KILLS MARINA CAFE INC. d/b/a MARINA CAFE.

7.   Individual Defendant JOSEPH LABRIOLA is a co-owner and principal of Corporate Defendant. Individual Defendant JOSEPH LABRIOLA and ROSEMARIE SALADINO are siblings. JOSEPH LABRIOLA exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to JOSEPH LABRIOLA regarding any of the terms of their employment, and JOSEPH LABRIOLA would have the authority to effect any changes to the quality and terms of employees' employment. JOSEPH LABRIOLA ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JOSEPH LABRIOLA exercised functional control over the business and financial operations of the Corporate Defendant. JOSEPH LABRIOLA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

8.   Individual Defendant ROSEMARIE SALADINO is a co-owner and principal of Corporate Defendant. Individual Defendant ROSEMARIE SALADINO and JOSEPH LABRIOLA are siblings. ROSEMARIE SALADINO exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to ROSEMARIE SALADINO regarding any of the terms of their employment, and ROSEMARIE SALADINO would have the authority to effect any changes to the quality and terms of employees'

employment. ROSEMARIE SALADINO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ROSEMARIE SALADINO exercised functional control over the business and financial operations of the Corporate Defendant. ROSEMARIE SALADINO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

9.   Individual Defendant ROBERT PARASCANDOLA is a co-owner and principal of Corporate Defendant. ROBERT PARASCANDOLA exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to ROBERT PARASCANDOLA regarding any of the terms of their employment, and ROBERT PARASCANDOLA would have the authority to effect any changes to the quality and terms of employees' employment. ROBERT PARASCANDOLA ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ROBERT PARASCANDOLA exercised functional control over the business and financial operations of the Corporate Defendant. ROBERT PARASCANDOLA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

10.   At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt back-of-house employees employed by Defendants, (including cooks, line cooks, food preparers, dishwashers, grill persons, pasta makers, expediters, and salad preparers), on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

13.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in (i) a willful failure and refusal to pay them the proper overtime, at one and a half times the regular rate for all hours worked over forty (40) in a workweek, and (ii) for all hours worked due to impermissible rounding. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt back-of-house employees employed by Defendants, (including cooks, line cooks, food preparers, dishwashers, grill persons, pasta makers, expediters, and salad preparers), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.    The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay for all hours worked due to impermissible rounding, (iii) failing to pay spread of hours premium, and (iv) failing to provide proper wage notice and wage statements

to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.     Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b.     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

    c.     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d.     Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e.   Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

f.   Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

g.   Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

h.   Whether Defendants paid Plaintiff and Class members on a straight-time basis;

i.   Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' policy of rounding down to the nearest whole hour; and

j.   Whether Defendants paid Plaintiff and Class members the New York State spread of hours premium when their workdays exceeded ten (10) hours.

## STATEMENT OF FACTS

23.   Plaintiff DEMETRIO LOBATO:

(a) In or around January 2011, Plaintiff DEMETRIO LOBATO was hired by Defendants to work as a kitchen worker for Defendants at the Marina Café located at 154 Mansion Avenue, Staten Island, New York 10308. Plaintiff's job duties included cutting vegetables, preparing food and washing dishes. From in or around October 2012 until in or around December 2013, Defendants' restaurant was closed. When Defendants' restaurant reopened in or around December 2013, Plaintiff was rehired by Defendants to work at the Marina Café. Plaintiff was employed by Defendants until on or about April 19, 2018.

(b) Throughout Plaintiff DEMETRIO LOBATO's employment, he regularly worked over forty (40) hours per workweek. Specifically, from in or around December 2013 until on or about April 19, 2018, Plaintiff DEMETRIO LOBATO regularly worked approximately forty-five (45) to fifty-four (54) hours per week as follows, from 2:00 p.m. to 11:00 p.m., for five (5) to six (6) days per week. Throughout his employment with Defendants, Plaintiff DEMETRIO LOBATO regularly worked without any breaks on a daily basis. On occasion, Plaintiff DEMETRIO LOBATO worked ten (10) or more hours in a given workday, but he was not compensated his spread of hours premium.

(c) In or around December 2013, Plaintiff DEMETRIO LOBATO was compensated on a straight-time basis at a rate of $9.00 per hour for all hours worked. From in or around January 2014 through March 2016, Plaintiff DEMETRIO LOBATO was compensated on a straight-time basis at a rate of $10.00 per hour for all hours worked. From in or around April 2016 through January 2018, Plaintiff DEMETRIO LOBATO was compensated on a straight-time basis at a rate of $12.00 per hour for all hours worked. From in or around February 2018 through the end of Plaintiff's employment with Defendants, Plaintiff DEMETRIO LOBATO was compensated on a straight-time basis at a rate of $14.00 per hour for all hours worked.

(d) Throughout Plaintiff's employment with Defendants, Plaintiff DEMETRIO LOBATO was compensated entirely in cash.

24.    Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members had similar work schedules and received similar hourly rates.

25.    Plaintiff, FLSA Collective Plaintiffs and Class members were not paid at the overtime premium rate of time and one half of the regular hourly rate for each hour exceeding

forty (40) hours per workweek. With respect to Plaintiff DEMETRIO LOBATO, and those similarly situated, back of the house employees were not paid their overtime premium rate because they were paid on a straight-time basis for the relevant statutory period.

26.    Plaintiff and Class members occasionally worked days that exceeded ten (10) hours in a given workday. However, Defendants unlawfully failed to pay Plaintiff and Class members their spread-of-hours premium for workdays that exceeded ten hours in length.

27.    At all relevant times, Plaintiff's, FLSA Collective Plaintiffs' and Class members' work hours were kept manually by managers through handwritten log-in and log-out records. At all times, Defendants maintained a policy of impermissible rounding which improperly rounded employees' daily work hours to the nearest half hour. For example, if an employee left at 11:10 pm, Defendants rounded down the log-out time to 11:00 pm. Defendants then paid wages on a straight-time basis for the rounded hours, instead of their actual hours worked. This rounding policy resulted in a systematic failure to compensate Plaintiff and other employees their proper wages for all hours worked. *See Gordon v. Kaleida Health*, 299 F.R.D. 380, 405 (W.D.N.Y. 2014); *Canelas v. World Pizza Inc.*, No. 14 Civ. 7748, 2017 U.S. Dist. LEXIS 50615, *24-27 (S.D.N.Y. Mar. 31, 2017). As a result, Defendants failed to compensate Plaintiff for up to approximately two (2) hours per week. FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' impermissible rounding policy and failure to pay proper wages for all hours worked.

28.    Defendants failed to properly provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive any wage notice either upon being hired or annually since the date of hiring, or they received a wage notice, but it was not in statutory compliance with the New York Labor Law.

29.     Defendants were required to provide wage statements with every payment of wages, iteming all deductions taken. Defendants failed to satisfy the requirements under the NYLL because Defendants either failed to provide wage statements or they provided improper wage statements. With respect to Plaintiff and Class members, they did not receive wage statements and were paid entirely in cash.

30.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members.

31.     Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiff, FLSA Collective Plaintiffs and Class members, in violation of the NYLL.

32.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

33.     Defendants failed to provide proper wage notices to employees, including rate of overtime compensation, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

34.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.    Plaintiff realleges and reavers Paragraphs 1 through 34 of this Class and Collective Action Complaint as fully set forth herein.

36.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38.    At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

39.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

40.    Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of forty (40) hours per workweek.

41.    At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of impermissible rounding.

42.    Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their proper wages in the lawful amount for all of their hours worked.

43.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intend to obtain these

records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

45.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid wages due to impermissible rounding, plus an equal amount as liquidated damages.

48.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

49.     Plaintiff reallege and reaver Paragraphs 1 through 48 of this Class and Collective Action Complaint as if fully set forth herein.

50.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51.     Defendants willfully violated the rights of Plaintiffs and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52.     Defendants failed to properly notify employees of their overtime rate, in direct violation of the New York Labor Law.

53.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiffs wages in the lawful amount for hours worked due to impermissible rounding.

54.     Plaintiff's and Class members' regularly worked days that exceeded ten hours per day. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each day their workday exceeded ten (10) hours.

55.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to provide wage statements as required under the NYLL.

56.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

57.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime, unpaid wages due to impermissible rounding, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendants' policy of impermissible rounding;

e. An award of unpaid spread of hours premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and policy of impermissible rounding pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium and policy of impermissible rounding pursuant to the New York Labor Law;

h. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.    Designation of this action as a class action pursuant to F.R.C.P. 23;

k.    Designation of Plaintiff as Representative of the Class; and

l.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 5, 2018

Respectfully submitted,

By:    */s/ C.K. Lee*
       C.K. Lee, Esq.

       LEE LITIGATION GROUP, PLLC
       C.K. Lee (CL 4086)
       Anne Seelig (AS 3976)
       30 East 39th Street, Second Floor
       New York, NY 10016
       Tel.: 212-465-1188
       Fax: 212-465-1181
       *Attorneys for Plaintiff, FLSA Collective*
       *Plaintiffs and the Class*